# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Matthew Rodrigus and Lisa Rodrigues,**<br>    **Plaintiffs** | § § § | |
| **v.** | § § | **No. 1:25-CV-01505-ADA-SH** |
| **State Farm Lloyds,**<br>    **Defendant** | § § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ALAN D ALBRIGHT
### UNITED STATES DISTRICT JUDGE

Now before the Court are Defendant's Rule 12(b)(6) Motion for Dismissal of Extra-Contractual Allegations, filed September 23, 2025 (Dkt. 5), and Plaintiffs' First Amended Petition, filed October 14, 2025 (Dkt. 6).[1]

Plaintiffs Matthew and Lisa Rodrigues brings this insurance coverage suit against their insurer, State Farm Lloyds. Plaintiffs' Original Petition, Dkt. 1-3. Plaintiffs allege that State Farm wrongly handled and denied their insurance claim for damages to their real property. They assert claims for breach of contract, unfair insurance practices, breach of the duty of good faith and fair dealing, and violations of Chapters 541 and 542 of the Texas Insurance Code.

State Farm removed the case to this Court on September 16, 2025, involving the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

## I.    Motion to Dismiss

State Farm moves to dismiss Plaintiffs' extra-contractual claims under Rules 8, 9, and 12(b)(6). Under Local Rule CV-7(d)(2), Plaintiffs' response to State Farm's motion to dismiss was due October 7, 2025, but they have not filed a response.

This Magistrate Judge finds that Plaintiffs abandoned their extra-contractual claims by failing to respond to State Farm's motion to dismiss. "This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir.), *cert. denied*, 144 S. Ct. 348 (2023). The Court recommends that the District Court grant State Farm's motion to dismiss.

## II.    Plaintiffs' First Amended Petition

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it on a defendant. Plaintiffs served their Original Petition on State Farm on April 30, 2025, Dkt. 1 at 1, but did not file their amended petition until October 14, 2025, nearly six months later. Because the 21-deadline has expired, Plaintiffs may amend their pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Plaintiffs received neither State Farm's written consent nor this Court's leave to file an amended complaint. Accordingly, the Court **STRIKES** Plaintiffs' First Amended Petititon (Dkt. 6) from the record.[2]

## III.    Order

The Court **STRIKES** Plaintiffs' First Amended Petititon (Dkt. 6) for failure to comply with Rule 15(a)(2).

---

[2] Plaintiffs' First Amended Petition also is styled for state district court of Hays County, Texas, not as an amended complaint in the case before this Court, and cites the Texas Rules of Civil Procedure.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Dismissal of Extra-Contractual Allegations (Dkt. 5) and **DISMISS** Plaintiffs' claims for unfair insurance practices, breach of the duty of good faith and fair dealing, and violations of Chapters 541 and 542 of the Texas Insurance Code. If the District Court accepts this Magistrate Judge's recommendation, only Plaintiffs' breach of contract claim will remain.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on October 15, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE