UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Matthew Rodrigues and Lisa Rodrigues, *Plaintiffs*, | § § § § | |
| v. | § § | Case No. 1:25-cv-01505-ADA |
| State Farm Lloyds, *Defendant*. | § § § | |

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Susan Hightower concerning Defendant's motion to dismiss, Dkt. 5. Judge Hightower issued her report and recommendation on October 15, 2025, Dkt. 7, and Plaintiffs filed objections on October 30, 2025, Dkt. 10.

A party may file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiffs filed timely objections, the Court has conducted an independent review of the record in this cause and has conducted a de novo review with respect to those matters raised by Plaintiffs. After due consideration, the Court concludes that the report and recommendation should be rejected.

The report recommends that Defendant's motion to dismiss be granted because "Plaintiffs abandoned their extra-contractual claims by failing to respond to [Defendant's] motion." Dkt. 7, at 2–3. The Court disagrees. Plaintiffs filed an

1

amended complaint 21 days after Defendant filed its motion to dismiss. Dkt. 6. Our local rules state that "a party may respond to a first motion under Federal Rule of Civil Procedure 12(b) by filing an amended pleading as a matter of course not later than 21 days after the filing of the motion." Local Rule CV-15(a). Defendant's motion to dismiss was its first motion under Rule 12(b), so Plaintiffs timely responded by filing an amended complaint.

Because Plaintiffs responded to Defendant's motion, the magistrate judge incorrectly concluded that Plaintiffs abandoned their extra-contractual claims. Even if Plaintiffs had failed to respond within the proper timeframe, the magistrate judge's reasoning still would have been flawed. The Fifth Circuit has held that the "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) *see also Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (finding that district court improperly granted defendant's motion to dismiss solely because plaintiff failed to oppose the motion).[1] Thus, the magistrate judge would have been wrong to assert that Defendant's motion should be granted simply because Plaintiffs failed to respond.

---

[1] To be fair, the Fifth Circuit has said that "a party abandons a claim by failing to defend it in response to motions to dismiss." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir.), cert. denied, 144 S. Ct. 348 (2023). But the Fifth Circuit appears to have been referring to situations where the plaintiff actually responds to a motion to dismiss but fails to defend all of its claims. *See id.*; *see also Wesner as Tr. of Charles Wesner Jr. Living Tr. v. Southall*, 772 F. Supp. 3d 700, 707 (N.D. Tex. 2023) (noting that when the Fifth Circuit has supported a district court's authority for finding claims abandoned, "the nonmoving party filed a response to the motion").

2

For these reasons, the Court **REJECTS** the report and recommendation, Dkt. 7, and **DENIES** Defendant's motion to dismiss (Dkt. 5) as **MOOT**. *See Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (noting that an amended complaint may render moot a pending motion to dismiss).

**SIGNED** on November 3, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE